UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MOLESKY, as Guardian ad Litem for J.M., a minor<br><br>Plaintiff,<br><br>v.<br><br>STALLION SPRINGS POLICE DEPARTMENT OFFICER OSCAR CARILLO (No. 117), STALLION SPRINGS POLICE DEPARTMENT OFFICER JAMES BARNARD (No. 111), STALLION SPRINGS POLICE DEPARTMENT SERGEANT MIKE BONSNESS (No. 108), and DOES 1 TO 15,<br><br>Defendants. | Case No. 1:22-cv-01567-ADA-CDB<br><br>**ORDER GRANTING PLAINTIFF'S PETITION TO APPOINT LISA MOLESKY AS GUARDIAN AD LITEM FOR J.M., A MINOR**<br><br>(Doc. 6) |

Before the Court is Lisa Molesky's Petition for Appointment as Guardian Ad Litem for J.M., a minor. This action involves the arrest and subsequent detention of J.M. by officers with the Stallion Springs Police Department. (Doc. 1 at 1.)  For the reasons set forth below, the petition is **GRANTED**.

**I.** **Appointment of a Guardian Ad Litem**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P.

17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). For example, "[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 49 (2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

**II.    Discussion and Analysis**

J.M. is under the age of eighteen (Doc. 6 at 1) and is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Upon review of the complaint, it does not appear there are adverse interests because Lisa Molesky is not a plaintiff in the action, and the only claims in the complaint are asserted on behalf of the minor children. (*See generally* Doc. 1.) Ms. Molesky also consents to act as guardian ad litem for J.M. (Doc. 6 at 2.)

Because there is neither an actual nor potential conflict of interest between the minor plaintiff and Ms. Molesky, appointment of Ms. Molesky as guardian ad litem for her child in this action is appropriate. *See AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1053-54 (E.D. Cal. 2015) (noting that a "guardian ad litem need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate") (citations omitted); *see also Holgerson v. L&L Trucking*, 2022 WL 17406551, at *1 (E.D. Cal.

Dec. 2, 2022) (observing that "[f]it parents are presumed to act in the best interests of their children.").

### III. Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Lisa Molesky has any conflicting interests with J.M., and as such she may be appointed to represent the interests of her child. Therefore, the Court grants plaintiff's application for appointment of Ms. Molesky as his guardian ad litem. Based upon the foregoing, the Court **ORDERS**:

1. The application for appointment of Lisa Molesky as guardian ad litem for J.M. (Doc. 6) is **GRANTED**; and
2. Lisa Molesky is appointed to act as guardian ad litem for plaintiff J.M. and is authorized to prosecute the claims on his behalf.

IT IS SO ORDERED.

Dated: **December 12, 2022**  _____
UNITED STATES MAGISTRATE JUDGE