UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MOLESKY, as Guardian Ad Litem for J.M., a minor,<br><br>    Plaintiff,<br><br>v.<br><br>OSCAR CARRILLO, et al.,<br><br>    Defendants. | Case No. 1:22-cv-01567-NODJ-CDB<br><br>**ORDER DENYING PLAINTIFF'S STIPULATED REQUEST TO EXTEND CASE MANAGEMENT DATES**<br><br>(Doc. 27) |

Pending before the Court is the stipulated request of Plaintiff J.M., a minor, through guardian ad litem, Lisa Molesky (Plaintiff), and Defendants Oscar Carrillo, James Barnard, and Mike Bonsness (Defendants), to vacate the scheduling order – including all expired discovery and motion dates and existing pretrial and trial dates – and permit the parties to reopen the long-since expired period for discovery. (Doc. 27). The stipulated request was filed on the deadline to file dispositive motions, January 22, 2024.

**Introduction**

On December 2, 2022, Plaintiff filed a complaint raising claims against Defendants pursuant to 42 U.S.C. § 1983 and state law arising from the arrest and subsequent detention of J.M. by officers with the Stallion Springs Police Department. (Doc. 1)

On March 10, 2023, the Court issued the operative scheduling order pursuant to Fed. R.

Civ. P. 16. (Doc. 17). Among other things, the scheduling order provides: "No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend." *Id.* at 4. The scheduling order further advises the parties: "The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation." *Id.* at 7.

Pursuant to the scheduling order, non-expert discovery closed on September 8, 2023, and expert discovery closed on November 17, 2023. *Id*. The pre-trial conference is currently set for July 1, 2024, and trial is set for August 27, 2024. *Id*.

On July 11, 2023, as directed by the Court, the parties filed a joint mid-discovery status conference report. (Doc. 21). In that report, the parties described their efforts to finalize a mutually agreeable protective order – which was resolved the following day when the parties filed a stipulated protective order (*see infra*) – and identified no other obstacles to timely completing discovery. The parties represented that expert discovery would proceed as set forth in the scheduling order and further reported they believed they would complete "the majority of fact-based/non-expert discovery" by the scheduling order's deadline. *Id.* at 3. As a result of the parties' report, the Court vacated the mid-discovery status conference and "reminded [the parties] of their obligation to diligently pursue and timely complete discovery within the scheduled case management dates." (Doc. 25).

During the months that followed, the periods for conducting non-expert and expert discovery ran their course and the parties made no application to the Court for any extensions. Thereafter, on December 1, 2023, the Court issued an order temporarily assigning this case to "No District Court Judge" or "NODJ" due to the elevation of the previously assigned district judge to the Ninth Circuit Court of Appeals. (Doc. 26). The Order also informed the parties that "[a]ll dates currently set shall remain pending subject to further order of the court." *Id*. at 2.

On January 22, 2024 – the deadline to file dispositive motions – the parties instead filed the instant stipulated request to modify all expired and non-expired case management dates. The parties specifically request the Court to (1) vacate all expired and existing case management dates, including the dates for filing dispositive motions, pretrial conference and trial; (2) set a date

for a new scheduling conference; and (3) allow the parties to engage in discovery.  (Doc. 27, Declaration of Erin Darling ["Darling Decl."], ¶ 12; Doc. 27-1).

In their stipulation, the parties assert they require additional time to complete fact discovery. (Doc. 27. at 2).  The parties represent that they have acted diligently in their conduct of discovery, but that production of important discovery material was delayed due to its sensitive nature.  Although the parties resolved this delay by filing a stipulated protective order on July 12, 2023 (*see* Docs. 22-23), they assert that this initial delay hampered the undertaking of subsequent discovery, including expert discovery. (Doc. 27 at 2). The parties further note in their stipulation that Defendants intend to file a dispositive motion upon completion of the remaining discovery but would be further delayed by the assignment of this action to NODJ.  *Id.*  Finally, counsel for Plaintiff attests: "No party will be prejudiced in any way by this request. In fact, counsel for the parties have met and conferred and both agreed that this stipulation and continuance is in the best interest of each of their respective clients."  (Darling Decl. ¶ 11).

**Standard of Law**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted).  Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases.  Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.  Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders. . .

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  "Rule 16(b)'s 'good

1  cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*,
2  975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting
3  diligently, the scheduling order may be modified.  *Id*.  If, however, the moving party "'was not
4  diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So.*
5  *Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

6  **Discussion**

7  The parties aver that they have acted diligently throughout their conduct of discovery –
8  but the docket and course of proceedings establishes otherwise.  Non-expert and expert discovery
9  closed on September 8 and November 17, 2023, respectively.  Yet, it was not until months later –
10 on the due date for the filing of dispositive motions – when the parties *first* notified the Court that
11 they required additional time to complete fact discovery and requested the Court to vacate the
12 scheduling order.  All of this flies in the face of the clear command of the scheduling order: "No
13 motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at
14 least one week before the first deadline the parties wish to extend."  (Doc. 17 at 4).  The parties'
15 belated request separately contravenes Local Rule 144(d), providing that: "Counsel shall seek to
16 obtain a necessary extension from the Court or from other counsel or parties in an action as soon
17 as the need for an extension becomes apparent. Requests for Court-approved extensions brought
18 on the required filing date for the pleading or other document are looked upon with disfavor."
19 Based on their stipulated representations and declaration of counsel for Plaintiff (Doc. 27), it
20 indisputably was clear to the parties that they required an extension of non-expert discovery long
21 before now.

22 The parties represent that their delay in consummating a protective order to facilitate
23 exchange of sensitive information hindered the parties' subsequent discovery efforts.  (Darling
24 Decl. ¶¶ 5-7).  For a variety of reasons, this does not excuse the parties' delay until months after
25 discovery has closed to seek to resurrect expired discovery dates.  To begin with, the parties
26 informed the Court in their joint scheduling report filed February 24, 2023, that they intended to
27 enter into a protective order due to the numerous minors referenced in relevant police reports.
28 (Doc. 11 at 3).  Having identified the need for such a protective order even before the case was

4

1  scheduled, it was incumbent on the parties to work expeditious to finalize an agreeable protective

2  order or seek Court intervention to resolve any disputes.  The parties delay for more than four

3  months in finalizing an agreement does not demonstrate diligence.

4        Next, the parties only summarily assert that the delay in agreeing upon a protective order

5  "resulted in significant delays, which have, in turn, delayed other discovery from taking place."

6  (Darling Decl. ¶ 7).  However, neither in counsel's declaration nor in the parties' stipulation do

7  they offer any details as to: (1) what, if any, discovery was undertaken during the approximately

8  two-month period of non-expert discovery remaining after entry of the stipulated protective order

9  on July 12, 2023; (2) what discovery remains to be completed; and (3) why was the remaining

10 two month period of non-expert discovery insufficient to complete all remaining discovery tasks.

11       Finally, no matter what challenges the parties encountered in timely completing discovery,

12 nothing explains why the parties waited until long after the time for conducting discovery expired

13 before they sought relief from the Court.  Given that the stipulation was filed after and references

14 the recent temporary reassignment of this action to NODJ, the Court perceives that the parties

15 view the lack of assigned district judge as a basis for seeking belated relief.  Further, counsel for

16 Plaintiff attests that no one will be prejudiced by resetting all case management dates while the

17 District awaits the arrival of a new district judge to whom this case presumably will be

18 reassigned.  (Darling Decl. ¶¶ 9, 11).

19       But this type of "no harm/no foul" explanation misconstrues the Court of Appeals'

20 governing authority under Rule 16.  This Court does not begin its analysis with a consideration of

21 prejudice – instead, it first answers the threshold question of whether the parties were diligent.

22 Here, for the reasons set forth above, the Court concludes they were not.  And where the parties

23 fail to demonstrate that they were diligent in their conduct of discovery and motion practice and

24 seeking any relief from the Court timely, the inquiry ends.  *Zivkovic*, 302 F.3d at 1087 ("If the

25 party seeking the modification "was not diligent, the inquiry should end" and the motion to

26 modify should not be granted).  *See, e.g.*, *Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD,

27 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007) ("plaintiffs delayed until after even the close of

28 discovery to bring their motion to modify the scheduling order. This is, as defendants point out,

the antithesis of diligence" under Local Rule 144).

**Conclusion and Order**

For the foregoing reasons, the parties' stipulated request to vacate the scheduling order and all case management dates (Doc. 27) is **HEREBY DENIED**.

Should the parties seek to convene with the assigned or an unassigned magistrate judge for settlement conference, they may file a stipulated request identifying dates of mutual availability and the Court will enter an order thereon setting settlement conference.

IT IS SO ORDERED.

Dated: __**January 24, 2024**__

UNITED STATES MAGISTRATE JUDGE