1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   LISA MOLESKY, as guardian ad litem          Case No. 1:22-cv-01567-KES-CDB
     for J.M., a minor,
12                                               **FINDINGS AND RECOMMEMDATION**
                    Plaintiff,                   **TO GRANT PLAINTIFF'S UNOPPOSED**
13                                               **PETITION FOR APPROVAL OF**
            v.                                   **MINOR'S COMPROMISE**
14
     OSCAR CARRILLO, et al.,                     (Doc. 39)
15
                    Defendants.
16

17          Pending before the Court is the unopposed petition of Plaintiff J.M., a minor, by and

18   through his parent and guardian ad litem, Lisa Molesky, for approval of the parties' proposed

19   settlement of J.M.'s claims pursuant to Federal Rule of Civil Procedure 17(c) and Local Rule

20   202(b).  The proposed settlement will resolve Plaintiff's federal claims under 42 U.S.C. § 1983

21   for (1) violation of his Fourth Amendment rights, (2) failure to intervene, and (3) supervisory

22   liability, as well as related state law claims, resulting in alleged damages from the emotional

23   distress Plaintiff experienced in connection with an arrest.  (Doc. 39 p. 4).   The undersigned

24   recommends that the minor's compromise be approved as the settlement agreement is fair,

25   reasonable, and in the best interests of the child.

26   **I.      Factual and Procedural History**

27          On December 8, 2022, J.M. was 13 years-old and attended Jacobsen Middle School in

28   Stallion Springs, California.  *Id.* at 5.  While riding home on the school bus that day, J.M. was

being bullied by other students.  The students called J.M. names and threw a water bottle at him.  *Id*.  One of the bullies falsely accused J.M. of threatening to "shoot up the school."  *Id*.  This rumor circulated on the bus, and later that afternoon, another child and parent complained to the Stallion Springs Police Department.  *Id*.

On that evening, Defendants went to J.M.'s house and spoke with him and his parents.  *Id*.  Plaintiff alleges Defendants did not conduct any further investigation, did not interview the bus driver, did not interview any adults familiar with the involved students, and did not interview any other students who where present on the bus.  *Id*.  Defendants also allegedly ignored J.M.'s denials concerning the threat and did not review video footage of the bus incident J.M. claimed would clear him of wrongdoing.  *Id*.  According to Plaintiff, Defendants arrested J.M. even though they knew, or should have known, that relying on a minor's version of events without further investigating the amply available exonerating evidence, posed a great danger to J.M.  *Id*.  J.M. was arrested and taken to the Kern County juvenile hall, where he was forced to spend the night before being released the following day.

Defendants contend that they had probable cause to arrest J.M. after interviewing multiple independent witnesses about the reported threat.  Those witnesses confirmed J.M. got into an altercation on the school bus and threatened that he was going to cause a school shooting.  *Id*.  Defendants attempted to view the video from the bus on the night allegations were first reported but were unable to do so because the transportation yard at the school district was closed for the night.  *Id*.  Defendants viewed the footage the following morning.

**II.     Terms of the Proposed Settlement**

Under the terms of the proposed settlement, J.M. will receive $35,000.00 in exchange for the release of claims, and for attorneys' fees and costs.  (Doc. 39 p. 3).

**III.     Settlement Approval Standards**

No settlement or compromise of "a claim or against a minor or incompetent person" is effective unless it is approved by the Court.  Local Rule 202(b).  The purpose of requiring the court's approval is to provide an additional level of oversight to ensure that the child's interests are protected.  *K.M. v. Tehachapi School District*, No. 1:17-cv-01431-LJO-JLT, 2019 WL

1  991048, at *4 (E.D. Cal. Feb. 28, 2019). Under Local Rule 202(b)(2) a party seeking approval of

2  the settlement must disclose:

3      [T]he age and sex of the minor, the nature of the causes of action to
       be settled or compromised, the facts and circumstances out of which
4      the causes of action arose, including the time, place and persons
       involved, the manner in which the compromise amount ... was
5      determined, including such additional information as may be
       required to enable the Court to determine the fairness of the
6      settlement or compromise, and, if a personal injury claim, the nature
       and extent of the injury with sufficient particularity to inform the
7      Court whether the injury is temporary or permanent.

8  L.R. 202(b)(2).  Under Federal Rule of Civil Procedure 17(c), the Court has a responsibility to

9  safeguard the interests of child-litigants.  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir.

10  2011).  The Court is obligated to independently assess the fairness of a settlement even where the

11  parent has recommended it.  *Id.* at 1181; *see Salmeron v. United States*, 724 F.2d 1357, 1363 (9th

12  Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or

13  settlement of a minor's claims to assure itself that the minor's interests are protected, even if the

14  settlement has been recommended or negotiated by the minor's parent or guardian ad litem")

15  (internal citation omitted).  The Court is required to consider whether the net amount distributed

16  to a minor plaintiff is fair and reasonable in light of the facts of the case, the minor's specific

17  claim, and recovery in similar cases.  *Robidoux*, 638 F.3d at 1181-82.

18  **V.     Discussion and Analysis**

19          The petition for approval of settlement reached on behalf of J.M. sets forth the

20  information required by Local Rule 202(b)(2).  J.M. is a male and will be 18 in 2026.  (Doc. 39 p.

21  1).  The petition, as set forth above, describes the events that gave rise to Plaintiff's damage

22  claims stemming from his arrest and detention in a juvenile facility.  The Court further notes that

23  the parties reached this settlement amount through a mediator's proposal in a court-supervised

24  settlement conference.  *See Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL

25  3418450, at *3 (E.D. Cal. June 22, 2016) (noting that the key terms of the settlement agreement

26  were developed through a settlement conference before an assigned magistrate judge familiar

27  with the facts of the case).

28  ///

3

### A.  Award to J.M.

The parties settled their dispute for a total amount of $35,000.00, covering Plaintiff's claims along with his attorneys' fees and costs.  (Doc. 39 p. 7).  Following deduction from the total settlement amount of $11,000.00 in attorney's fees and $550 in costs, the remaining $23,450.00 will be placed in a structured annuity comprised of two payments.  Under the annuity, J.M. will receive the first payment of $10,000.00 when he becomes 18. Once J.M. becomes 21, he will receive another lump sum for $16,129.31, for a total payment of $26,129.31.  *Id.*

### B.  Attorney Fees and Costs

The settlement agreement provides for a payment of $550 in costs, which are comprised of a $402 filing fee, $125 for service on Defendants via process server, $18 in copying fees, and $5 in mailing and postage.  *Id*. at 12.  Counsel for Plaintiff separately requests $11,000 for fees.  *Id*.

Counsel for Plaintiff was retained under a contingency fee agreement, which provided for a 40 percent fee, up to 44 percent after filing trial documents.  *Id*. at 13. Typically, courts in the Eastern District of California consider 25 percent of the recovery as the benchmark for attorney's fees in contingency cases involving minors.  *See Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (citing cases). However, the Ninth Circuit holds that the fairness of a minor plaintiff's recovery should be evaluated "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182.  Here, Counsel for Plaintiff attests he has been representing J.M. since being retained by his mother and the guardian ad litem, Lisa Molesky. Counsel for Plaintiff has no apparent conflict of interest in connection with his representation. (Doc. 39 p. 11).  The requested $11,000 in fees represents approximately 31 percent of the total settlement amount.  Though the requested attorney's fee exceeds the 25 percent benchmark in the Eastern District of California, Ms. Molesky represents that she feels that she obtained an excellent result for J.M. and that the requested attorney's fee is reasonable.  *Id*. at 13.  Considering the facts of the case, the award obtained, and the positive statements submitted by J.M.'s guardian ad litem, the Court finds good cause to approve the requested $11,000.00 in attorney's fees.

1

### C.  Recovery in Similar Actions

2       The petition cites to examples where courts approved a 40 percent contingency fee but

3   provides no discussion as to whether those cases involved similar factual scenarios or whether the

4   net settlement amounts in those cases are proportional to the proposed net settlement in this case.

5       Nevertheless, the undersigned has reviewed the facts and circumstances of this case to

6   somewhat similar cases involving false arrest claims and concludes that this comparison supports

7   a conclusion that the proposed settlement is reasonable.  *See. e.g., Red v. Merced County*, No.

8   1:06-cv-1003 GSA, 2008 WL 1849796, at *3 (E.D. Cal. Apr. 23, 2008) (approving $20,000.00

9   settlement where minor plaintiff was ordered out of the house at gunpoint); *Castaneda ex rel.*

10  *Castaneda v. Wendell*, No. 1:05-cv-0604 OWW DLB, 2007 WL 1322357, at *1 (E.D. Cal. May

11  2, 2007) (recommending approval of $45,000.00 settlement with $12,060.47 in attorney's fees in

12  case presenting a false arrest claim where minor plaintiff was subjected to a strip search in front

13  of other students) *report and recommendation adopted*, 2007 WL 1412296 (E.D. Cal. May 11,

14  2007); *Watkins v. Dossey*, No. 1:08-cv-01186-SKO, 2013 WL 4541468, at *4 (E.D. Cal. Aug. 27,

15  2013) (approving minor plaintiff's recovery of $8,096.54 in settlement for false imprisonment

16  claims involving a strip search causing minor to experience emotional distress, sleep deprivation

17  and nightmares).

18      Though each of the above-cited cases present certain distinctions, they each involve

19  allegations where a minor was impermissibly detained and suffered emotional damages from the

20  detention.  The proposed settlement amount presented by the parties here is aligned with these

21  other cases involving similar factual scenarios.  In sum, the Court finds that the proposed

22  settlement amount of $35,000.00 is fair, reasonable, and in the best interests of the child when

23  compared to similar settlements and based on the particular facts of this case.

24  ### VI.    Findings and Recommendations

25      Based upon the foregoing, the undersigned **RECOMMENDS** that the unopposed petition

26  to approve settlement of the minor's claims be **APPROVED IN FULL** and that the parties

27  be **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice, and

28  lodge a separate order, no later than 45 days after these findings and recommendations are

adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 29, 2024**

UNITED STATES MAGISTRATE JUDGE